IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WALTER HERNAN SARACAY- | * | |
| ORELLANA | * | |
|    Petitioner, | * | Civil Action No. RDB-12-3548 |
| v. | * | Criminal Action No. RDB-10-0590 |
| UNITED STATES OF AMERICA, | * | |
|    Respondent. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

The *pro se* Petitioner Walter Hernan Saracay-Orellana ("Petitioner") has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 36). Petitioner claims ineffective assistance of counsel, citing his attorney's failure to advocate for a reduced sentence on the basis of the disparity between Petitioner's sentence and the sentencing of similarly situated defendants in "fast-track" jurisdictions. *Id.* Also pending before this Court is the Government's Motion to Dismiss Petitioner's Motion (ECF No. 38). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated below, the Government's Motion to Dismiss (ECF No. 38) is DENIED. However, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 36) is DENIED.

## **BACKGROUND**

Walter Hernan Saracay-Orellana ("Petitioner") pled guilty at his rearraignment on November 15, 2010 to one count of unlawful reentry into the United States, in violation of 8

U.S.C. § 1326(a). Criminal Mins. Nov. 15, 2010, ECF No. 17. He agreed to a statement of facts including details of his prior conviction, deportation, and reentry. *See* Plea Agreement, Attach. A, ECF No. 18.

According to this statement of facts, Petitioner entered the United States illegally sometime prior to May 24, 2002. *Id.* On May 24, 2002, he was convicted in the United States District Court for the Southern District of California of conspiracy to possess cocaine onboard a vessel in violation of 46 U.S.C. § 1903 (a)(c) and (j). *Id.* Petitioner received a sentence of thirty months imprisonment, was deported to his native country of El Salvador on August 1, 2003, and was ordered not to reenter the United States without first obtaining permission from the Attorney General or his designated successor, the Secretary of the Department of Homeland Security. *Id.*

At some point prior to February 5, 2009, Petitioner knowingly returned to the United States and was convicted of False Impersonation of Another in the Superior Court of California, County of Los Angeles. *Id.* He received a sentence of three years probation and 365 days inprisonment for this violation. *Id.* He then knowingly returned to the District of Maryland and was arrested on July 18, 2010 in Frederick County, Maryland by police responding to a routine call regarding a large fight. *Id.* At all times following February 5, 2009, Petitioner was present in the United States illegally as he did not obtain permission from the Attorney General or the Secretary of the Department of Homeland Security prior to reentering the country. *Id.*

Petitioner appeared before this Court on November 15, 2010 and pled guilty to unlawful reentry. Rearraignment, ECF No. 17. Sentencing was set for February 8, 2011 and

Petitioner's counsel filed a memorandum arguing for a downward variance, citing the particulars of Petitioner's situation. Sentencing Mem., ECF No. 22. On February 8, 2011, Petitioner was sentenced to a prison term of forty-eight months with two years supervised release and was ordered to surrender to a duly authorized immigration official for deportation in accordance with established procedure. J., ECF No. 24.

On February 16, 2011, Petitioner filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit. Notice of Appeal, ECF No. 26. On August 23, 2011, the Fourth Circuit issued a Judgment dismissing Petitioner's appeal (ECF No. 34) and filed a formal Mandate of its ruling on September 14, 2011 (ECF No. 35). Petitioner did not petition the Supreme Court of the United States for a writ of certiorari. Pending before this Court are Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 36) and the Government's Motion to Dismiss Petitioner's Motion (ECF No. 38).

## **STANDARD OF REVIEW**

Documents filed *pro se* are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(citation omitted). In order to establish a claim for ineffective assistance of counsel, Petitioner must prove both elements of the test set forth by the Supreme Court in *Strickland v. Washinton*, 466 U.S. 668, 671 (1984). First, Petitioner must show that his counsel's performance was so deficient as to fall below an "objective standard of reasonableness." *Id.* at 688. In assessing whether counsel's performance was unconstitutionally deficient, courts adopt a "strong presumption" that counsel's actions fall within the "wide range of reasonable professional assistance." *Id.* at 689. Second, Petitioner must show that his

counsel's performance was so prejudicial as to "deprive the defendant of a fair trial." *Id.* at 687. In order to establish this level of prejudice, Petitioner must demonstrate that there is a "reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Satisfying either of the two parts of the test alone is not sufficient; rather, the petitioner must meet both prongs of the Strickland test in order to be entitled to relief. *See id.* at 687.

## ANALYSIS

### I. Timeliness of Petitioner's Motion to Vacate

The Government argues that Petitioner Walter Hernan Saracay-Orellana's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence should be dismissed as untimely. Specifically, the Government argues that the Motion was filed on December 12, 2012, after the alleged filing deadline of November 22, 2012.[1] *Id.*

> A one-year limitations period applies to Section 2255 petitions that runs from the latest of:
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255. A conviction becomes final for the purpose of starting the one-year limitations period (1) when the opportunity to appeal the district court's judgment expires;

---

[1] This Court calculates that the filing deadline was November 21, 2012. Regardless of this determination, the Government's motion remains DENIED.

(2) when the defendant's opportunity to file a petition for a writ of certiorari expires "within ninety days after entry of the judgment" of the appellate court, *see* U.S. Sup. Ct. R. 13(1); or (3) when the United States Supreme Court denies the inmate's petition for a writ of certiorari. *See United States v. Clay*, 537 U.S. 522, 524-25 (2003).

Under the "mail box rule," Section 2255 motions are timely if deposited in the prison's internal mailing system on or before the last day for filing. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998). As this Court has previously held, motions dated and signed by the filing deadline are deemed delivered to prison officials for mailing on that date. *See Taylor v. United States*, RDB-11-82, RDB-07-307, 2011 WL 1868797, at *2 n.3 (D. Md. May 16, 2011).

In this case, final judgment was entered, for the purpose of starting the limitations period, on November 21, 2011. This date was calculated by adding ninety days (the Supreme Court's window for filing a petition for writ of certiorari) to the August 23, 2011 date on which the appellate court issued its judgment. Therefore, Petitioner had until November 21, 2012 to file his Section 2255 motion to vacate. While the Government is correct that Petitioner's motion, filed December 12, 2012, was filed with the Court past the deadline, the mailbox rule applies. In fact, Petitioner's motion was signed and dated on November 21, 2011 and is therefore deemed delivered to prison authorities within the limitations period. Accordingly, Petitioner's Motion to Vacate is timely and as such, the Government's Motion to Dismiss is DENIED.

## II. Ineffective Assistance of Counsel Claim

In his Motion to Vacate pursuant to 28 U.S.C. § 2255, Petitioner claims that his Sixth Amendment right to effective assistance of counsel was violated. Specifically, he argues that his trial counsel's failure to advocate for a reduced sentence on the basis of the disparity between Petitioner's sentence and the sentencing of similarly situated defendants in "fast-track" jurisdictions was objectively unreasonable and prejudiced his defense.

To state a claim for relief under 28 U.S.C. § 2255 based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). The first, or "performance" prong, of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In making this determination, courts observe a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688-89. The second, or "prejudice" prong, requires that defendant demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687.

When a defendant alleges ineffective assistance after a guilty plea has been entered, the burden is even greater. In *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988), the Fourth Circuit explained the logic behind *Strickland* as follows:

> When a defendant challenges a conviction entered after a guilty plea, [the] "prejudice" prong of the [*Strickland*] test is slightly modified. Such a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

*Hooper*, 845 F.2d at 475 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

"Fast-track" refers to a series of programs first implemented in states along the U.S.-Mexico border that seek to obtain pre-indictment pleas in immigration cases in exchange for lower sentences. *See United States v. Perez-Pena*, 453 F.3d 236, 238-39 (4th Cir. 2006), *cert. denied*, 549 U.S. 1013 (2006). The programs are intended to preserve resources, increase prosecutions, and were officially sanctioned by Congress with the enactment of the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub. L. No. 108-21, § 401(m)(2)(B), 117 Stat. 650, 675 (2003). *Id.* The "PROTECT Act" authorized the Attorney General to implement fast-track programs and instructed the Sentencing Commission to regulate downward departures in sentencing. *See* 453 F.3d at 238-39. In a 2003 memorandum, the Attorney General stated that fast-track programs are to be "reserved for exceptional circumstances, such as where the resources of a district would otherwise be significantly strained by the large volume of a particular category of cases." *See id.* He further specified that fast-track programs require a defendant to enter into a written plea agreement and to waive his rights to file pretrial motions, to appeal, and to challenge the resulting conviction under 28 U.S.C. § 2255, except on the ground of ineffective assistance of counsel. *Id.* The Deputy Attorney General approved fast-track programs in thirteen districts for illegal reentry offenses under 8 U.S.C. § 1326. *See id.* However, the District of Maryland, among others, does not operate a fast-track program.

In *United States v. Perez-Pena*, the Defendant argued for a below-guidelines sentence on the grounds that a reduced sentence was necessary to avoid unwarranted disparity between defendant's sentence and the sentences of defendants in fast-track jurisdictions. *See* 453 F.3d at 239. The Fourth Circuit held that the need to avoid such disparities did not justify the

imposition of a sentencing adjustment, recognizing that disparities are sometimes warranted to support administrative and law enforcement concerns *See id.* at 244. Disparities between fast-track and non-fast-track jurisdictions are not "unwarranted" because they are necessary to achieving the fast-track program's goals of "obtaining more prosecutions" and "limiting downward departures to jurisdictions and defendants selected by the Government." *See id.* Relying on *Perez-Pena*, the United States District Court for the Middle District of North Carolina denied a Section 2255 motion premised on an attorney's failure to argue for a reduced sentence on the grounds of fast-track disparity. *See Valenzuela-Lizarraga v. United States*, Nos. 1:10CV943, 1:09CR285-1, 2011 WL3841964, at *3 (M.D.N.C. Aug. 26, 2011). The Court concluded that the Petitioner's claim "cannot meet the performance or prejudice requirement of an ineffective assistance of counsel claim." *Id.* In light of this precedent, an attorney's failure to make a fast-track-disparity argument for a reduction in sentence does not constitute ineffective assistance of counsel. Accordingly, Petitioner's Motion to Vacate is DENIED.

## CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss (ECF No. 38) is DENIED. Additionally, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 36) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir.

2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Petitioner's claim debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: June 7, 2013

/s/
Richard D. Bennett
United States District Judge